```
               UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                        Norfolk Division
```

PAUL AVON MILLS, #323532,

     Petitioner,

v.                                    ACTION NO. 2:07CV110

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

     Respondent.

<u>FINAL ORDER</u>

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's conviction on March 31, 2003, in the Circuit Court of the City of Portsmouth, Virginia, for three (3) counts of robbery and three (3) counts of use of a firearm in the commission of a felony. Petitioner was sentenced to serve 103 years in prison (thirty (30) years for each of the three (3) counts of robbery, three (3) years for one (1) count of use of a firearm, and five (5) years for each of the other two (2) counts of use of a firearm), to be served consecutively.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of

the Magistrate Judge ("Magistrate Judge's Report") was filed on October 17, 2007, denying Petitioner's motions for an evidentiary hearing, for appointment of counsel, for discovery, and to amend the petition following discovery, and recommending dismissal of the petition.  By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge.[1]  On December 21, 2007, the Court received Petitioner's Rebuttle [sic] to Respondents [sic] Motion to Dismiss ("Petitioner's Objections"), which the Court construes as Petitioner's objections to the Magistrate Judge's Report.  The Court received no response from Respondent.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Magistrate Judge's Report,[2]

---

[1] The Court granted Petitioner two (2) separate extensions of time to file any objections, on October 25, 2007 (Document No. 25) and on November 26, 2007 (Document No. 27).

[2] Petitioner has objected to the Magistrate Judge's Report on the following grounds:
   (1) The Court of Appeals "ignore[d] a potential state procedural default [regarding Claim 1] and reache[d] the merits of the claim," so this Court should have reviewed Claim 1 on the merits, Petitioner's Objections, at 1;
   (2) Petitioner's writs of mandamus should have been construed as dismissed on the merits, thereby qualifying for tolling and rendering the instant petition timely;
   (3) Petitioner's writs of mandamus presented Claim II(C) of the instant petition, and the Supreme Court of Virginia's summary dismissal of those writs should, therefore, be construed as adopting the merits-based dismissal stated by the Circuit Court in dismissing Claim II(C), resulting in Claim II(C) being properly exhausted and ripe for review on the merits by this Court; and
   (4) Petitioner has established cause and prejudice, due to

makes the following de novo findings with respect to the portions objected to:

Objection (1): Petitioner first asserts Claim 1, alleging the evidence was insufficient to sustain the convictions for robbery, in the instant petition was properly exhausted. In support of this objection, Petitioner cites Bowling v. Parker, 344 F.3d 487, 498 (6th Cir. 2003), for the proposition that if a claim was procedurally defaulted, but the state court addressed said claim on the merits, the federal habeas court reviewing the claim should treat the claim as exhausted and consider it on the merits.[3] Petitioner's Objections, at 1. In Bowling, the Sixth Circuit distinguished between an explicit statement that the court was considering the merits as an "alternative holding," which would not exhaust the claim, and an ambiguous statement, such as "notwithstanding" the procedural default, which should be construed in the petitioner's favor as exhausting the claim. Bowling, 344 F.3d at 498-99. Petitioner has argued that the Court of Appeals' dismissal of his Claim 1 on direct appeal meets the ambiguous requirement set forth in Bowling because the court first stated

---

ineffective assistance by appointed counsel, to warrant review of Claim 1 on the merits.

[3]The Court is unaware of any Fourth Circuit case law adopting such a proposition. In any event, because the Court determines, infra, that the Court of Appeals' opinion addressed two (2) subclaims, rather than addressing the procedural default and merits of a single claim in the alternative, the Court need not apply Bowling in the instant case.

3

that the claim was procedurally defaulted pursuant to Va. Sup. Ct. R. 5A:18, and then the court proceeded to consider the claim on the merits.  See Petitioner's Objections, at 1.  The Magistrate Judge also apparently agreed with this interpretation.  See Magistrate Judge's Report, at 3 n.6.

In conducting its de novo review of Petitioner's claims, this Court reviewed the brief submitted by Petitioner in support of his direct appeal to the Court of Appeals.  Within that brief, Petitioner first argued that there was insufficient evidence of "force, threat or intimidation" to support the robbery conviction. Petitioner also argued that the Commonwealth relied on a theory of "concert of action" to establish Petitioner's participation in the robbery, and that the evidence was also insufficient to establish said "concert of action."  Based on the wording in the Court of Appeals' opinion dismissing Petitioner's claim, the Court of Appeals apparently treated Petitioner's two arguments as subclaims, dismissing the first, use of force, based on failure to preserve the error during trial, and dismissing the second, "concert of action," based on the merits.  Consequently, Petitioner's Claim 1 is procedurally defaulted as regards the use-of-force element, but is properly exhausted as regards the concert-of-action element.

In the instant petition, in conjunction with Claim 1, Petitioner argues that there was a variance between the robbery charge in the indictment and the evidence presented at trial,

4

Mills' Memorandum, at 1, 4, 9, and that Petitioner should have been given an additional hearing to challenge the testimony provided by Louis O. Soto ("Soto") because Soto recanted following trial in an affidavit, Rule 45 Memorandum, at 5, 9.  In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).  Because Petitioner's arguments regarding the indictment variance and Soto's testimony were not presented to the state court in Petitioner's direct appeal, the Court finds these are unexhausted subclaims, which cannot be considered here. Therefore, only Petitioner's subclaim regarding the "concert of action" was properly exhausted.  For this Court to proceed to consider that subclaim on the merits, however, the instant petition must have been timely filed.  Because the Court finds, infra, that the Magistrate Judge correctly determined the petition was not timely filed, the Court finds that the Magistrate Judge properly recommended dismissal of the petition without reaching the merits of the claims.[4]

---

[4] The Court notes that even assuming, arguendo, the petition had been timely filed, Petitioner still could not prevail on the merits of his concert-of-action subclaim.  A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:
        (1) resulted in a decision that was contrary to, or involved an unreasonable

5

Objection (2): Petitioner asserts that the Magistrate Judge's finding that the writs of mandamus were not timely filed, see Magistrate Judge's Report, at 18, was in error. For this argument, Petitioner relies on the "look-through" language of Ylst, such that because the writs of mandamus were summarily dismissed by the Supreme Court of Virginia, the summary dismissal should be construed as adopting the lower court's reasoning. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Because there was no prior state-court judgment that addressed the claims Petitioner presented in the writs of mandamus, Petitioner's reliance on Ylst in this instance is misplaced. Further, the Fourth Circuit has held that in Virginia, writs of mandamus are extraordinary remedies, and therefore, a summary dismissal of a writ of mandamus should not be construed as a dismissal on the merits. See Durkin v. Davis, 538 F.2d 1037, 1042 (4th Cir. 1976). Specifically, that court stated:

> [W]e are [not] concerned with . . . the theory

---

> application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). Petitioner has not only failed to meet his burden of showing that the state court's adjudication was an unreasonable application of federal law or unreasonable determination of facts, but, also in asserting a fatal variance between the indictment and evidence, Petitioner concedes that the Commonwealth did present evidence regarding the concert-of-action element. See Mills' Memorandum, at 2.

>on which the respondents resisted the writ but the ground on which the Supreme Court itself acted, whether on the substantive issue or on other grounds. It cannot be said that the decision of the Virginia Supreme Court rested on the substantive grounds of petitioner's claim . . . than on other grounds when the opinion of that Court is completely silent as to the basis of its decision.

Id. Accordingly, the Magistrate Judge properly applied Fourth Circuit precedent in finding that the writs of mandamus were not timely filed, and, therefore, should not be considered as tolling the instant petition. See Magistrate Judge's Report, at 18. Consequently, the Magistrate Judge properly found the instant petition to be time barred. See id. at 19.

Objection (3): Petitioner asserts that Claim II(C) in the instant petition was properly exhausted by the Petitioner's writs of mandamus. Claim II(C) in the instant petition asserts ineffective assistance of counsel regarding defense counsel's cross-examination and impeachment of two (2) witnesses. Petitioner's writs of mandamus sought the Circuit Court's aid in correcting allegedly perjured statements made by a witness. Although the writ of mandamus named one (1) of the witnesses listed in Claim II(C), the claims as set forth in the instant petition and the writ of mandamus were not based on the same "controlling legal principles." Matthews, 105 F.3d at 910-11. Therefore, the Magistrate Judge correctly determined that the writs of mandamus had no bearing on the determination of whether Petitioner had

properly exhausted the claims in the instant petition.  See Magistrate Judge's Report, at 21 n.25.

Objection (4):  Petitioner now asserts ineffective assistance of counsel as cause for his failure to exhaust Claim 1.  "[I]neffective assistance 'must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'"  Orbe v. True, 233 F. Supp. 749, 759 (E.D. Va. 2002) (quoting Edwards v. Carpenter, 529 U.S. 446, 452 (2000)).  Because Petitioner did not include such an independent claim in his state habeas petition, he cannot now use it as cause for this Court to consider Claim 1.

Based on the foregoing, the Court does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on October 17, 2007, as amended herein, supra, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE and that judgment be entered in favor of Respondent.

Accordingly, the Court FINDS that the claims set forth in the instant petition, with the exception of the "concert of action" subclaim to Claim 1, are procedurally barred before this Court and are therefore DENIED.  Further, the Court FINDS that the petition was not timely filed and, therefore, the petition is also DENIED on that basis.

Petitioner may appeal from the judgment entered pursuant to

this Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

    The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for respondent.

                                     /s/ Jerome B. Friedman
                                     UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

January 30, 2008